UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC KIPSANG ATUGAH,
    Petitioner,

v.
                    Case No. 2:16-CV-68
                    HON. TIMOTHY P. GREELEY
                    HON. GORDON J. QUIST

MIRASH DEDVUKAJ, Field
Director, Detroit ICE,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

On March 8, 2016, Petitioner filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 requesting that he be released from custody immediately and placed on an order of supervision instead. ECF No. 1. On April 1, 2016, Respondent filed a response in opposition to Petitioner's habeas application. PageID.6. Petitioner filed a reply on April 19, 2016 (ECF No. 8), along with a motion to amend his petition (ECF No. 9). The motion to amend his petition is granted at this time.

Petitioner is a Kenyan citizen that was admitted into the United States on December 8, 2000, with an F-1 student visa that permitted him to study at Northwestern Michigan College. PageID.29. On May 17, 2002, the college notified Immigration and Customs Enforcement (ICE) that Petitioner was no longer a student there. PageID.29. On December 10, 2003, Petitioner was admitted to Coppin State University, but he did not attend classes there. PageID.30.

Petitioner was arrested on July 23, 2007, in Traverse City for operating while intoxicated and for having an open container in the vehicle. PageID.30 (noting these charges

were dismissed).  The next month, ICE agents arrested Petitioner at the Grand Traverse County Jail, at which time he was served with a Notice to Appear indicating that he was the subject of removal proceedings due to overstaying his student visa. PageID.30.  A revised Notice to Appear was provided to Petitioner in September of 2007, which stated that he did not attend Northwestern Michigan College from the summer of 2002 to the present, and that he was subject to removal under Section 237(a)(1)(C)(i) of the Immigration and Nationality Act, which stated that based on his admission "as a nonimmigrant under Section 101(a)(15) of the Act, [he] failed to maintain or comply with the conditions of the nonimmigrant status under which [he was] admitted." PageID.30.

Petitioner subsequently filed a form I-589 application for asylum and withholding of removal on September 19, 2007. PageID.30. The Immigration Judge (IJ) denied Petitioner's asylum and withholding application on December 12, 2007, and ordered that Petitioner be removed. PageID.7, 30.  Petitioner appealed the IJ's decision to the Board of Immigration Appeals and the Sixth Circuit, but his order of removal was affirmed in April of 2009. PageID.30.

On July 28, 2008, ICE released Petitioner from custody and placed him under an order of supervision that required Petitioner to refrain from committing crimes. PageID.31. Shortly thereafter, ICE agents contacted the Consulate of Kenya in New York regarding the process for acquiring travel documents for Petitioner. PageID.31.

On September 25, 2015, Petitioner was convicted of Operating While Intoxicated - Third Offense in Michigan, thereby violating his order of supervision.  PageID.31.  After serving his sentence, Petitioner returned to ICE custody on November 3, 2015, at which time he

was served with a Notice of Revocation of Release based on this conviction. PageID.31.

On November 10, 2015, ICE sent an updated request for Petitioner's travel documents to the Kenyan Consulate. PageID.31 (noting that ICE attempted to make contact with the Kenyan consulate on December 17, 2015, and again on January 7, 2016, to no avail). On January 11, 2016, an ICE officer made contact with the Kenyan Consulate General, who told the officer that before Petitioner's request for travel documents could be processed, the ICE officer would have to send passport pictures and fifty dollars to the Consulate. PageID.31. These items were sent to the Consulate on January 13, 2016. PageID.32.

Thereafter, ICE attempted to make contact with the Kenyan Consulate to determine the status of Petitioner's travel documents on January 15, 19, and 26, 2016, and February 2, 5, 12, 18, and 25, 2016. PageID.32. On February 18, 2016, ICE officers contacted the Detention and Deportation Officer assigned to Kenya, and he noted that he would contact the Kenyan Embassy in Washington D.C. regarding Petitioner's travel documents. PageID.32.

A week later, ICE reviewed, and affirmed, Petitioner's continued detention.[1] PageID.32. ICE called the Consulate on March 3, 2016, and was told that Petitioner's request was still pending. PageID.32. ICE officers continued to call the Consulate regarding the status of Petitioner's request by phone again on March 10, 11, and 21, 2016. PageID.32.

Notably, ICE has removed petitioners to Kenya successfully in the past. PageID.33 (noting that 400 removals to Kenya have occurred from October 2012 to March 31, 2016). Moreover, the Consulate has not provided ICE with any reasons to believe that it would

---

[1] Petitioner was informed two months prior to his detention review that he could submit documentation for ICE to consider during review. PageID.32.

be unable to process Petitioner's request for travel documents.

Petitioner argues that his continued detention violates his constitutional rights. Petitioner asserts the following four issues in his habeas application:

> I. I have been held in immigration detention for more than a total of 15 months after my deportation order became final (from 4/21/2008 to 8/20/2008 at Monroe County Jail, Aug 2011 - Jan 2012 York Prison and Baltimore County Jail. July 10 to Nov 3rd 2015 at Traverse County Jail, Nov 3rd 2015 - present Chippewa County Jail. Also detained at a federal building in [B]altimore on many occasions to intimidate me[)].
>
> II. My Substantive Due Process right[s] have been violated. Continued detention after removal period as set forth in INA 241(a) (normally 90 - days of either) is a grave violation of my rights and due process. This is illegal detention at best.
>
> III. My Procedural Due Process rights have been violated.
>
> IV. I'm very sick and in great pain due to kidney stones, painful bladder, [illegible] pelvic area, painful abdomen, teeth cavities, and I'm not getting treatment. Continued hardships for my sick wife and children financially, psychologically and emotionally.

PageID.6-8.  Respondent contends that Petitioner has not set forth any claims that would permit his release at this time.  PageID.18. Petitioner filed a response on April 19, 2016 (ECF No. 8), along with a motion for a stay of deportation on an emergency basis (ECF No. 11). The matter is ready for a decision.

Before addressing Petitioner's claims for release arising out of his habeas petition, the Court will address his motion for a stay of deportation on an emergency basis.  Petitioner has indicated that he is currently appealing his third drunk driving conviction in the Michigan state courts. ECF No. 11. He states that this is relevant because the only reason he is being detained pending his deportation is because of this third drunk driving conviction (as he was released on

-4-

an order of supervision after being ordered removed in 2008). *See* PageID.44-47. Based on this appeal of his third drunk driving conviction, Petitioner claims that he should be released from custody and any efforts to deport him should be stayed until his appeals are final. ECF No. 11.

Petitioner's argument contains fatal flaws. First, Petitioner concedes that he was ordered removed in 2008 by an Immigration Judge. PageID.40. As such, he is still eligible to be removed regardless of whether Petitioner's third drunk driving conviction is overturned, as his removal order has not been reversed. *Id.* Second, even though Petitioner was detained by ICE after his third drunk driving conviction, and he is now appealing that conviction, Petitioner has not shown that he must be released pending his state court appeals. *See* ECF No. 8. In fact, the issue of whether he should be released pending his deportation is not ripe for review until he has demonstrated that his third drunk driving conviction has been overturned. Accordingly, Petitioner's motion for a stay of deportation on an emergency basis should be denied. ECF No. 11.

With regard to Petitioner's habeas petition, Petitioner's first two claims are essentially the same, in that he is claiming that he has been improperly detained longer than ninety days, thereby violating his substantive due process rights. PageID.6-7 ("ICE is detaining [him] indefinitely, with no evidence that [he] might be removed in the reasonably foreseeable future.").

An alien's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1231(a). The law states that when an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of ninety days." 8 U.S.C. § 1231(a)(1)(A). During that time, the

alien must be detained. 8 U.S.C. § 1231(a)(2). If an alien is not removed within that time frame, the alien will be "subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

Under certain circumstances, the Attorney General (AG) may detain the alien beyond the ninety day removal period if the alien has not yet been removed. For example, if the alien has not been removed and the AG believes that he is "a risk to the community or unlikely to comply with the order of removal[]," the AG may detain the alien beyond ninety days. 8 U.S.C. § 1231(a)(6). Similarly, the ninety day removal period will be extended "if the alien fails or refuses to make timely [an] application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Notably, however, "[t]he Supreme Court set a presumptive standard of 90 days and an outside limit of six months detention for aliens who have been ordered removed absent a showing of a 'strong special justification' for detention." *Ly v. Hansen*, 351 F.3d 263, 275-76 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690, 701 (2001)); *see also Gjoliku v. Chertoff*, No. 1:06-CV-458, 2007 WL 518809, at *8 (W.D. Mich. Feb. 14, 2007) ("The six-month presumptively reasonably detention period discussed in *Zadvydas* includes the 90-day mandatory detention under § 1231(a)(2))). "After six months, 'the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future."'" *Gjoliku*, 2007 WL 518809, at *8 (quoting *Clark v. Martinez*, 543 U.S. 371, 377-78 (2005) (citing *Zadvydas*, 533 U.S. at 701)).

In this case, Petitioner has been detained for just over six months. PageID.31 (noting that Petitioner's release order was revoked due to his conviction and he was returned to

ICE custody on November 3, 2015). However, he has not shown that there is not a significant likelihood that he will be removed in the reasonably foreseeable future, as is his burden. *Zadvydas*, 533 U.S. at 701 (noting that once the six months has passed, not every alien must be released; rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."); *see also Clark*, 543 U.S. at 377-78 (noting that after six months, "the alien is eligible for conditional release *if he can demonstrate* that there is 'no significant likelihood of removal in the reasonably foreseeable future.'") (citation omitted) (emphasis added). On the contrary, ICE has indicated that it has been working with the Kenyan Consulate in New York and the Kenyan Embassy in Washington D.C. to effectuate Petitioner's removal as soon as possible, and that these entities have not provided ICE with any reason to believe that Petitioner's travel documents will be refused or delayed beyond the usual delay associated with the deportation process. PageID.31-32. In addition, ICE has provided statistics indicating that four hundred aliens have successfully been removed back to Kenya since October 2012, and ICE has also shown that it has continued to maintain contact with the Consulate regarding Petitioner's travel documents. PageID.31-33; *cf. Zadvydas*, 533 U.S. at 684-686 (noting the petitioners' removal countries refused to accept them). As such, Petitioner has not demonstrated that he faces "potentially indefinite" confinement. *See Gjoliku*, 2007 WL 518809, at *10 (citing *Zadvyas*, 533 U.S. at 679, 684-86, 691). Accordingly, Petitioner's request for habeas relief as it applies to this claim should be denied.

Next, Petitioner claims that he is entitled to habeas relief because his procedural due process rights have been violated. PageID.7. Specifically, Petitioner states that "ICE does

not provide a neutral decision maker to review my continued custody. There is no administrative mechanism in place for me to appeal a custody decision." PageID.7. Notably, Respondent did not address this issue in its response in opposition. *See* ECF No. 6.

While Petitioner claims that there is no procedure under which his continued detention may be reviewed, this assertion is patently untrue. When a petitioner is detained after an order of removal for longer than six months, he is able to bring a habeas petition before the Court to determine whether his continued detention is reasonable (just as Petitioner has done in this instance). As a result, Petitioner's claim that his constitutional rights have been violated since a neutral decision maker could not immediately review his continued detention is inaccurate and therefore denied.

Finally, Petitioner claims that his health conditions are not being treated while detained, and that his detention has negatively affected his wife and kids financially and emotionally. PageID.8. Specifically, Petitioner claims that he is not being treated for his kidney stones or bladder problems, and that he fears he will lose his children to child services if he remains detained. PageID.8. However, apart from these allegations, Petitioner has not shown that he would lose custody of his children or that his wife would not be able to care for them while he is detained.

In regard to Petitioner's complaints regarding his alleged lack of medical care while detained, this assertion cannot be entertained by this Court. "Where a pleading states claims challenging only the conditions of confinement, it does not state a claim for relief cognizable under 28 U.S.C. § 2241." *Daniel v. Adduci*, No. 12-14548, 2012 WL 5447967, at *3 (E.D. Mich. Nov. 7, 2012) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

In regard to Petitioner's claim that his family is suffering as a result of his detention, this claim is not cognizable on habeas review. As Respondent has noted, there is no law of which this Court is aware that provides habeas relief to petitioners whose families suffer from their detention. In fact, if there were such relief, the courts would be inundated with such claims, as being incarcerated naturally affects every detainee's family. Consequently, this allegation fails to state a claim for federal habeas relief, as Petitioner has not alleged any constitutional violations.

Overall, Petitioner has not demonstrated that he is being detained unconstitutionally, or that it is unreasonable for ICE to continue his detention beyond the six month period since it is reasonably likely that he will be removed in the foreseeable future. Accordingly, this Court recommends that Petitioner's habeas application be **DENIED WITHOUT PREJUDICE** (ECF No. 1), and that his motion to stay deportation on an emergency basis be **DENIED WITH PREJUDICE** (ECF No. 11). In addition, Petitioner's outstanding Motion to Enjoin the Attorney General of the United States (ECF No. 10) is **DENIED**.

Dated:  5/10/2016
           _/s/ *Timothy P. Greeley*_____
           TIMOTHY P. GREELEY
           UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).